IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DOUGLAS A. TURNS,**

    **Petitioner,**

  v.                                      **CASE NO. 2:99-cr-104(1)**
                                          **CIVIL NO. 2:04-cv-769**
                                          **JUDGE GRAHAM**
**UNITED STATES OF AMERICA,**             **Magistrate Judge King**

    **Respondent.**

**OPINION AND ORDER**

Petitioner, a federal prisoner, has filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255. On August 26, 2005, all of petitioner's claims were dismissed, with the exception of his claim of ineffective assistance of counsel due to his attorney's failure to call alibi witnesses and failure to advise petitioner that he could plead guilty without testifying against co-defendants. Doc. No. 155. On May 16, 2006, after an evidentiary hearing, the Magistrate Judge issued a *Report and Recommendation* recommending that petitioner's claim of ineffective assistance of counsel be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED.** Petitioner's request that the Court order further testimony be given is **DENIED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED,** and this case is hereby **DISMISSED**.

Petitioner's four objections to the *Report and Recommendation* address the Magistrate Judge's recommendation that his claim of ineffective assistance of counsel for failure to advise petitioner that he could plead guilty without testifying against co-defendants be dismissed.

Petitioner again argues that defense counsel failed to adequately convey all plea offers and terms of any plea offers to petitioner. He specifically alleges that defense counsel spoke with him only once after April 1998 about the government's plea offer. He objects to the Magistrate Judge's conclusion that any failure by defense counsel to further discuss or clarify the terms of a possible guilty plea did not constitute the ineffective assistance of counsel in view of petitioner's refusal to discuss a guilty plea. Petitioner also objects to the Magistrate Judge's conclusion that he was not a believable witness. While petitioner has now admitted involvement in at least some of the robberies for which he was convicted, *Transcript, Evidentiary Hearing,* at 115, he argues that he previously denied guilt only because his attorney failed to properly advise him of the nature of the charges against him.

Petitioner's objections are not well taken. Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. As discussed in detail in the Magistrate Judge's *Report and Recommendation*, the record simply does not support petitioner's allegation that defense counsel discussed a plea offer with petitioner on only one occasion after April 1998, *see, e.g., Transcript, Evidentiary Hearing,* at 28-29, 36, 38, or that petitioner would have pleaded guilty had he known that he could do so without testifying against his co-defendants. To the contrary, the record reflects that defense counsel repeatedly advised petitioner to accept a guilty plea and attempted to discuss a guilty plea with petitioner; however, petitioner consistently refused to do so. *See Report and Recommendation*, at 8-15. Further, petitioner testified at the evidentiary hearing that he would not have accepted the plea offer of ten years incarceration in any event. *Transcript, Evidentiary* Hearing, at 169-170.

Petitioner's objections to the Magistrate Judge's credibility determination is likewise without

merit.  Petitioner's contention that his prior protestations of innocence were a result of inadequate explanation of the charges by counsel is unsupported by the record.  Petitioner had persistently denied any involvement whatsoever in the bank robberies.  *See, e.g., Transcript, Evidentiary Hearing,* at 150-51, 159, 170, 177.  He also professed his innocence in his May 30, 2000, letter to the public defender.  *Exhibits C and E to Return of Writ; Attachment E.*  Moreover, there is evidence to suggest that petitioner participated in the fabrication of alibi testimony.  *Transcript, Evidentiary Hearing,* at 178-180.

In view of the foregoing and for the reasons discussed at length in the Magistrate Judge's *Report and Recommendation,* petitioner's objections are **OVERRULED.**  Petitioner's request that the Court order that further testimony be given is **DENIED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  This case is hereby **DISMISSED**.

**IT IS SO ORDERED**.

s/James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE:  August 22, 2006