**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DOUGLAS A. TURNS,**

    **Petitioner,**

    vs.                              **Civil Action 2:16-cv-616
                                          Criminal No. 2:99-cr-104
                                          Judge Graham
                                          Magistrate Judge King**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION AND ORDER

Petitioner, a federal prisoner, has filed a motion to vacate under 28 U.S.C. § 2255, *Motion to Vacate*, ECF No. 291 ("*Motion to Vacate*"), and a motion to stay proceedings on that motion pending ruling by the Sixth Circuit on his request to pursue a successive motion to vacate, *Motion to Stay Proceedings*, ECF No. 292. For the reasons that follow, this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition. Petitioner's *Motion to Stay Proceedings* is **DENIED**.

In 2000, a jury convicted petitioner of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and four counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). *Verdict*, ECF No. 90. Petitioner was sentenced to 858 months in prison. *Amended Judgment*, ECF No. 116. His conviction and sentence were affirmed by the United States Court of Appeals for the Sixth Circuit. *United States v. Beverly*, 369 F.3d 516 (6th Cir. 2004).

1

Petitioner filed a motion to vacate under 28 U.S.C. § 2255 in 2004, *Motion to Vacate*, ECF No. 129, which this Court dismissed, *Opinion and Order*, ECF No. 155; *Opinion and Order*, ECF No. 209. The Court of Appeals affirmed that decision, *Turns v. United States*, 248 F. App'x 708 (6th Cir. 2007), and the United States Supreme Court denied the petition for a writ of *certiorari. Turns v. United States*, Case No. 07-8257 (Sup. Ct. Feb. 19, 2008). In 2013, petitioner sought authorization to consider a second or successive motion to vacate based on newly discovered evidence. The Sixth Circuit denied authorization. *In re Douglas A. Turns*, Case No. 13-4263 (6th Cir. Jul. 17, 2014). In 2015, petitioner again sought authorization to consider a second or successive motion to vacate based on newly discovered evidence, which the Sixth Circuit again denied. *In re Douglas A. Turns*, Case No. 15-3227 (6th Cir. Nov. 25, 2015).

Acting *pro se*, petitioner filed the current *Motion to Vacate*, ECF No. 291, on June 27, 2016.[1] He argues that, in light of *Johnson v. United States*, - U.S. -, 135 S.Ct. 2551 (2015)(declaring that the "residual clause" of 18 U.S.C. § 924(c)(2)(B)(ii) is unconstitutionally vague), *see also Mathis v. United States*, - U.S. -, 2016 WL 3434400 (June 23, 2016)(clarifying predicate violent felony offenses for purposes of application of the Armed Career Criminal Act), his convictions under 28 U.S.C. § 924(c) are void because his convictions for armed bank robbery and conspiracy to commit armed bank robbery are not crimes of violence. *See generally Motion to Vacate*.

---

[1] The *Motion to Vacate* was apparently signed on June 23, 2016. *See Motion to Vacate*, PAGEID# 2671, 2672.

As this recitation of the history of these proceedings makes clear, and as petitioner concedes, *see Motion to Stay Proceedings*, the *Motion to Vacate* is a successive motion under 28 U.S.C. § 2255.

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(b). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing. *In re Smith*, 690 F.3d 809 (6th Cir. 2012). Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

In light of petitioner's previous motion to vacate, the *Motion to Vacate* presently before the Court constitutes a successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(b). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it.

Worried that the government may argue that the delay associated with authorization by the Court of Appeals will render the matter time barred, *see* 28 U.S.C. § 2255(f), petitioner also moves this Court to hold this action in abeyance pending a ruling by the Sixth Circuit on his application for authorization to file a successive motion. However, this Court lacks jurisdiction to address matters under § 2255 absent authorization by the Court of Appeals. Further, the statute of

3

limitations is tolled during the time that petitioner pursues authorization for the filing of a successive motion to vacate. *See In re Hanserd,* 123 F.3d 922, 934 (6th Cir. 1997).

**WHEREUPON**, petitioner's *Motion to Vacate*, ECF No. 291, is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive. Petitioner's *Motion to Stay Proceedings*, ECF No. 292, is **DENIED.**

Date: July 15, 2016                              _____s/James L. Graham_____
                                                 James L. Graham
                                                 United States District Judge