IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DOUGLAS A. TURNS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:99-cr-104(1)
JUDGE JAMES L. GRAHAM
Magistrate Judge King

**OPINION AND ORDER**

On December 6, 2017, Petitioner filed a motion, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, for reconsideration of an earlier motion to vacate, set aside, or correct sentence. The motion has been docketed as a *Motion to Vacate under 28 U.S.C. § 2255.* (ECF No. 298). For the reasons that follow, the motion is **DENIED.**

Petitioner is serving 858 months in prison on his convictions, following a jury trial, on charges of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and four counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). *See Amended Judgment* (ECF No. 116). The United States Court of Appeals for the Sixth Circuit affirmed Petitioner's convictions and sentence. *United States v. Beverly*, 369 F.3d 516 (6th Cir. 2004). Petitioner pursued federal habeas corpus relief, *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 129), which was denied following an evidentiary hearing, *Opinion and Order* (ECF No. 209). That dismissal was affirmed on appeal, *Turns v. United States of America*, No. 06-4199 (6th Cir. Sept. 25, 2007), and the United States Supreme Court denied the petition for a writ of *certiorari, Turns v. United States*, Case No. 07-8257 (Sup. Ct. Feb. 19, 2008). Petitioner also twice sought authorization for

the filing of a successive motion to vacate under 28 U.S.C. § 2255 based on newly discovered evidence, without success. *In re: Douglas A. Turns*, No. 13-4263 (6th Cir. Jul. 17, 2014); *In re Douglas A. Turns*, No. 16-3850 (6th Cir. Sept. 21, 2016). On December 6, 2017, Petitioner filed the motion presently before this Court.

In his current motion, Petitioner argues that the imposition of consecutive terms of incarceration on all four counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), is unduly excessive and grossly disproportionate to the crimes charged. Petitioner maintains that the Court improperly punished him for exercising his right to a jury trial because co-defendants who pleaded guilty have since been released from prison. He also argues that, as a result of his lengthy prison sentence, he has lost contact with his family, he has aged, and he suffers health issues. He represents that he will not present a threat to society should he be released from prison. Petitioner requests the Court to vacate his convictions on Counts 3 and 5 and re-sentence him in light of *United States v. Holloway*, 68 F.Supp.3d 310 (E.D.N.Y. 2014).[1]

This motion is plainly successive and Rule 60(b) may not be used as a vehicle to circumvent the limitations that Congress has placed on the presentation of claims in a second or successive application for habeas relief under 28 U.S.C. § 2255. *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Clark v. United States*, 764 F.3d 653, 658-59 (6th Cir. 2014)). In *Gonzalez*, the Supreme Court held that a motion under Rule 60(b) that seeks to assert a new substantive claim for habeas relief must be treated as a successive petition for which prior authorization is required:

> In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing

---

[1] In *Holloway*, the district court granted the petitioner's Rule 60(b) motion and the underlying § 2255 petition, and vacated two of three counts that had been "stacked" under 18 U.S.C. § 924(c) – based on the Government's agreement not to oppose those actions. In Petitioner's case, significantly, the United States has not agreed to a reduction of his sentence. *See, e.g., Brown v. United States*, 2016 WL 4745822 (N.D. Ohio Sept. 13, 2016).

2

> to "excusable neglect," Fed. Rule Civ. Pro. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. *Cf. Harris v. United States*, 367 F.3d 74, 80-81 (C.A. 2 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Pro. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell v. Pepe,* 324 F.3d 66, 69 (C.A. 1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Pro. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher*, 301 F.3d 873, 876 (C.A. 7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell, supra,* at 71-72; *Dunlap, supra*, at 876.

*Id*. at 532. Here, Petitioner raises new claims and refers to new authority, *i.e., Holloway*, in support of his argument that the Court should reduce his sentence. Under these circumstances, this Court lacks jurisdiction to consider this successive petition absent authorization from the United States Court of Appeals for the Sixth Circuit. *See* 28 U.S.C. § 2244(b) (3)(A); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*).

In any event, this Court lacks the jurisdiction to re-sentence the Petitioner as he requests. *See Brown,* 2016 WL 4745822, at *1. Generally, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (citing 18 U.S.C. § 3582(c)). "In the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence[.]" *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006). "A district court may modify a defendant's sentence only as authorized by statute." *United States v. Howard*, 644 F.3d 455, 457 (6th Cir. 2011) (citing *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009)).

> Congress grants the district courts authority to modify a final sentence only if it is: (1) upon motion by the Director of the Federal Bureau of Prisons; (2) on its own motion if the applicable

sentencing guideline has been reduced; or (3) pursuant to Federal Rules of Criminal Procedure Rule 35. A final sentence is only modifiable under Fed. R. Crim. P. 35 if: "(1) it has been vacated and remanded; (2) the government moves to reduce it; or (3) the district court acts within seven days of the original sentence."

*Brown v. United States*, 2016 WL 4745822, at *1 (citing *United States v. Gevaras*, 961 F.Supp. 192, 195 (N.D. Ohio 1996) (citing 18 U.S.C. § 3582(c)).

Therefore, Petitioner's motion (ECF No. 298) is **DENIED.**

**IT IS SO ORDERED**.

Date: February 20, 2018

                                                                       s/James L. Graham
                                                                      JAMES L. GRAHAM
                                                                       United States District Judge