IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                              Case No. 2:99-cr-104-1

Douglas A. Turns

ORDER

Defendant was convicted in 2000 on the charges of conspiracy to defraud the United States in violation of 18 U.S.C. §371, four counts of armed bank robbery in violation of 18 U.S.C. §2113(a) and (d), and four counts of using a firearm during a crime of violence in violation of 18 U.S.C. §924(c). The defendant's convictions were affirmed on direct appeal, and his petition to vacate under 28 U.S.C. §2255 was denied. Defendant was twice denied leave to pursue successive motions to vacate.

On December 6, 2017, defendant filed a document captioned as a motion under Fed. R. Civ. P. 60(b)(6). Defendant argued that the imposition of consecutive terms of incarceration on all four of the §924(c) counts was excessive and grossly disproportionate to the crimes charged. He also asked the court to vacate his sentence on two of the firearm counts in light of United States v. Holloway, 68 F. Supp.3d (E.D.N.Y. 2014).

By order dated February 20, 2018, the court denied the motion. See Doc. 303. The court noted that the motion constituted a successive petition over which this court lacked jurisdiction. Doc. 303, pp. 2-3. The court further concluded that it did not have the authority to modify defendant's sentence. See Dillon v. United States, 560 U.S. 817, 819 (2010); United States v. Howard, 644 F.3 d 455, 457 (6th Cir. 2011).

Defendant has now submitted a letter to the court which has

been docketed as a motion.  See Doc. 304.  Defendant states that his previous motion under Rule 60(b)(6) was not intended as an argument on issues, but rather was a plea for mercy, specifically, the type of relief afforded to the defendant in Holloway.  The Holloway court granted the petitioner's §2255 motion and vacated two of the three §924(c) counts which had been run consecutively in that case based on the government's agreement not to oppose those remedies.  There is no such agreement in this case.  Rather, the government opposed defendant's Rule 60(b)(6) motion, noting that, unlike the circumstances in Holloway, the government has not agreed to a reduction of the defendant's sentence.

In the absence of any agreement by the government, this court lacks the authority to reduce defendant's sentence based on Holloway.  Defendant's request for a sentence reduction under Holloway (Doc. 304) is denied.


Date: January 30, 2020             s/James L. Graham
                                   James L. Graham
                                   United States District Judge