IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

   v.                              Case No. 2:99-cr-104-1

Douglas Turns

OPINION AND ORDER

Defendant was convicted at trial on one count of conspiracy to commit bank robbery, four counts of armed bank robbery, and four counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c). By judgment entered on June 9, 2000, defendant was sentenced to a term of incarceration of 78 months on the conspiracy and bank robbery counts, to run concurrently, and a total of sixty-five years on the consecutive firearms counts. Defendant was also charged in Case No. 2:98-cr-13 with possessing and transferring a machine gun at a pawn shop. In that case, a sentence of 27 months was imposed, to run concurrently with the sentence imposed in the instant case.

On January 23, 2020, defendant filed a motion for reduction of sentence or compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A)(i), alleging extraordinary and compelling reasons. Doc. 305. On January 30, 2020, the court stayed a ruling on the motion until such time as defendant presented evidence that he had exhausted his administrative remedies. Doc. 307. On February 26, 2020, defendant filed a motion to lift the stay, alleging that he had exhausted his administrative remedies. Doc. 308. By order dated March 4, 2020, the court found that plaintiff had presented at least some evidence of exhaustion, granted the motion to lift the stay, and directed the government to respond to the motion for reduction of sentence. Doc. 309. On March 30, 2020, the defendant

filed an emergency amendment to his motion for compassionate release, citing, for the first time, the risks posed by the COVID-19 epidemic and a recent tuberculosis diagnosis. Doc. 310. The government responded to both motions on May 4, 2020. Doc. 314.

I. <u>Exhaustion of Administrative Remedies</u>

Under 18 U.S.C. §3582(c)(1)(A), as modified by the First Step Act of 2018, the court may reduce a sentence of imprisonment upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of a defendant after that defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to file such a motion on a defendant's behalf. Specifically, the district court has authority to rule on a motion of the defendant

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

§3582(c)(1)(A). Under this section, before a defendant can file a motion for reduction in sentence for "extraordinary and compelling reasons" under that section in the district court, the defendant must first ask the warden to file a motion for a reduction in sentence on his behalf. If that request is denied by the warden within thirty days, defendant must exhaust all administrative appeals before filing a motion in district court. If the defendant presents his request to the warden and receives no response within thirty days, he may then file a motion in the district court. See <u>United States v. Daniels</u>, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *2-3 (N.D. Ala. Apr. 22, 2020). The exhaustion requirement

2

contained in §3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic. See, e.g., United States v. Raia, ___ F.3d ___, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); United States v. Dickson, No. 1:19-cr-251-17, 2020 WL 1904058, at *2-3 (N.D. Ohio Apr. 17, 2020); United States v. Alam, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020).

The government agrees that because the warden's response denying defendant's January 23, 2020, motion was not issued until March 6, 2020, this court has jurisdiction to entertain that motion. However, because the warden's April 29, 2020, response to defendant's March 31, 2020, request for emergency release due to COVID-19 was issued within thirty days, defendant must first exhaust his administrative appeal remedies before filing a motion on that ground with this court. Defendant has not shown that he has done so.

This case illustrates why administrative exhaustion plays an important role in the court's consideration of a motion under §3582(c)(1)(A)(i). Defendant alleged for the first time in his emergency motion filed on March 30, 2020, that he has recently been diagnosed with tuberculosis and is particularly at risk due to COVID-19. He attached no supporting medical records to that motion. The only other mention of tuberculosis in the record is found in two drug fact sheets for medications used to treat tuberculosis which are attached to defendant's motion to lift stay filed on February 26, 2020. Doc. 308-1, pp. 11, 13. However, neither of these drugs are listed on a February 11, 2020, printout of defendant's medications. Doc. 308-1, pp. 7-8. The memoranda

and the warden's decision attached to the government's response discuss defendant's medical conditions but do not mention tuberculosis. See Doc. 314-1, p. 2; Doc. 314-2, pp. 2-3. It is unknown whether defendant's March 31, 2020, request to the warden based on COVID-19 included any assertion that he was at risk due to tuberculosis. This court lacks sufficient information about defendant's alleged tuberculosis, and the BOP should be permitted to address the issue of plaintiff's tuberculosis diagnosis in the first instance as part of its extensive assessment for all compassionate release requests. See 28 C.F.R. §571.62(a); BOP Program Statement 5050.50. The March 30, 2020, motion is denied without prejudice due to defendant's failure to exhaust his administrative appeals.

II. Defendant's January 23, 2020 Motion for Compassionate Release
A. Sentencing Commission Policy Statements

The grant of compassionate release is at the discretion of the court. United States v. Kincaid, No. 19-6271, 2020 WL 1951899, at *1 (6th Cir. April 23, 2020). If the defendant's administrative remedies have been exhausted, the court can reduce a sentence under §3582(c)(1)(A)(i) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" If these requirements are met, the court, after considering the factors set forth in 18 U.S.C. §3553(a), may reduce the term of imprisonment. §3582(c)(1)(A).

The Sentencing Commission has issued a policy statement regarding the reduction of a term of imprisonment under

4

§3582(c)(1)(A). <u>See</u> United States Sentencing Guidelines ("U.S.S.G.") §1B1.13. Under §1B1.13, a reduction may be ordered if extraordinary and compelling reasons warrant a reduction, the defendant is not a danger to the safety of any other person or to the community, and the reduction is consistent with the policy statement. §1B1.13(1)(A), (2) and (3). Under Application Note 1 to §1B1.13, extraordinary and compelling reasons exist where: (A) the defendant is suffering from a terminal illness or a serious physical or medical condition that substantially diminishes the defendant's ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover; (B) the defendant is at least sixty-five years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of his sentence, whichever is less; (C) the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse when the defendant would be the only available caregiver; and (D) other reasons as determined by the Director of the Bureau of Prisons.

In regard to Subsection (D), the BOP has issued Program Statement 5050.50 (2019), which lists factors which the BOP uses in determining whether extraordinary and compelling reasons exist for compassionate release. BOP Program Statement 5050.50, at 12, states that nonexclusive factors for extraordinary circumstances include: defendant's criminal and personal history, nature of offense, disciplinary infractions, length of sentence, amount of time served, current age and age at time of offense and sentencing, current release plans, whether release would minimize severity of

5

offense. United States v. Saldana, 2020 WL 1486892, at *2-3 (10th Cir. Mar. 26, 2020)(basing decision on the §1B1.13 policy statements, the BOP Program Statement 5050.50, and the §3553(a) statutory sentencing factors).

The health concerns cited in defendant's January 23, 2020, motion for compassionate release, primarily the symptoms of Type II diabetes and his status as a disabled veteran, do not satisfy Subsection (A) of Application Note 1 because there is no evidence that defendant has a terminal illness or serious physical or medical condition that substantially diminishes his ability to provide self-care in the institution. Even if defendant's health concerns are considered more broadly under Subsection 1(D) and Program Statement 5050.50, the medical records submitted by defendant do not weigh significantly in favor of compassionate release; rather, they indicate that defendant has a chronic condition which is stable with medical treatment, with some physical restrictions, and that he has been approved for the work pool. See Doc. 305-1, pp. 8, 13, 15, 20-21; Doc. 308-1, p. 17-18.

Defendant's current age (fifty-nine) does not satisfy Subsection (B) of Application Note 1. For purposes of Subsection 1(D), the court notes that at the time of the offenses charged in this case (1994-1995), defendant was approximately thirty-five years old. He was thirty-nine years old when convicted. Defendant's age is not an extraordinary reason supporting compassionate release.

Defendant alleges that extraordinary circumstances have been shown because his daughter passed away and his thirteen-year-old granddaughter is being cared for by her grandmother. Subsection

6

1(C) does not provide grounds for relief because defendant does not allege the death or incapacitation of the caregiver of his minor child.  Further, defendant does not allege that his daughter's death left his granddaughter without a caregiver.  See United States v. Thorpe, No. 1:08-cr-10027, 2019 WL 6119214, at *2 (C.D. Ill. Nov. 18, 2019)(release denied where defendant did not allege that his child would be left without a caregiver).  These circumstances do not constitute extraordinary and compelling reasons for compassionate release.

Considering the defendant's history under Subsection 1(D), Program Statement 5050.50, and 18 U.S.C. §3553(a)(1), the court notes that defendant was placed in criminal history category I. The presentence report indicates that defendant served in the army from 1979 to 1983, and that he was employed in the home maintenance/repair business.  Defendant has completed fifty-five classes during his incarceration.  Doc. 314-2, p. 2.  Under 28 U.S.C. §994(t), rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason, but it may be considered in conjunction with other circumstances.  Defendant received two incident reports: phone abuse-disruptive monitoring on June 20, 2008, and possession of gambling paraphernalia on November 21, 2016.  Doc. 314-1, p. 1.  If he is released, defendant would reside with a daughter in Canal Winchester, Ohio, and would receive a monthly check from the Veteran's Administration due to being a disabled veteran.  Doc. 314-2, p. 3.  Some of this information arguably weighs in favor of the defendant.

7

B. Change in Penalties for §924(c) Counts

Under §403(a) of the First Step Act of 2018, the penalties specified in 18 U.S.C. §924(c)(1)(C) were amended by deleting the language "second or subsequent conviction" and substituting "violation of this subsection that occurs after a prior conviction under this subsection has become final." This change precludes the enhancement of the penalties for more than one §924(c) offense charged in the same case. However, Congress determined that this change is not retroactive. Under §403(b) of that Act, the amendment "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." §403(b); 18 U.S.C. §924(c)(1)(C). The Sixth Circuit has held that the non-retroactive change in §924(c) is substantive in nature, and not merely a clarification of prior law. See United States v. Richardson, 948 F.3d 733, 746-48 (6th Cir. 2020).

Defendant argues that the disparity between the sentences imposed on defendants sentenced for §924(c) convicted before the effective date of the Act compared with defendants sentenced today is an extraordinary reason for granting him a sentence reduction. District courts have reached different conclusions as to whether the change in the §924(c) penalties can constitute extraordinary and compelling reasons for a sentence reduction under Application Note 1(D). However, for purposes of the instant motion, this court need not resolve this issue, and will reserve ruling on which of the many approaches taken by other courts is correct. The court notes that if defendant were sentenced today based on the current §924(c) penalties, he would be sentenced to consecutive terms of

8

imprisonment of five years on each of the four §924(c) counts, resulting in a total sentence of 26-1/2 years. Defendant has been in custody since February 7, 2000. Even giving defendant the benefit of the new §924(c) penalties and the maximum good time credit of fifty-four days per year provided by the First Step Act, see 18 U.S.C. §3624(b)(1), defendant would still have additional time to serve on his sentence. See United States v. Brown, 411 F.Supp.3d 446, 453-55 (S.D. Iowa 2019)(denying motion without prejudice where defendant would not be eligible for immediate release under the new law).

C. Statutory Sentencing Factors

Under §1B1.13, a reduction may be ordered if the defendant is not a danger to the safety of any other person or to the community. Under §3582(c)(1)(A), the court must also consider the statutory sentencing factors set forth in §3553(a). The government does not argue that defendant's release would pose a danger to the safety of any other person or to the community, but does contend that the statutory sentencing factors outweigh any showing of extraordinary and compelling reasons in this case. See Kincaid, 2020 WL 1951899, at *2 (even if extraordinary and compelling reasons are found, a request for compassionate release may be denied if warranted after weighing those reasons against the §3553(a) factors).

III. Conclusion

Although the court will not grant defendant's motion for compassionate release at this time, the posture of this case and the weight assigned to each factor may change based on any

9

additional information defendant submits after he has exhausted his administrative remedies relevant to his emergency motion. Therefore, the January 23, 2020, motion is denied without prejudice to the court revisiting and re-weighing the issues presented by this motion after defendant has fully exhausted his administrative remedies concerning his tuberculosis and any risk presented by COVID-19.

Date: May 18, 2020        <u>     s/James L. Graham    </u>
James L. Graham
United States District Judge